**SIGNED THIS: August 31, 2006**

_____
**THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| FRANCIS R. FRIEDRICH and | ) | No. 05-86903 |
| MICHAEL W. FRIEDRICH, | ) | |
| | ) | |
| Debtors. | ) | |

**O P I N I O N**

The Debtor, Michael W. Friedrich (DEBTOR), filed a Chapter 7 petition on October 14, 2005. At the time of the filing, he was a life beneficiary of 12½% of the income generated from a trust established by the will of his deceased grandfather, George H. Friedrich, and administered by Herget Bank, N.A., as Trustee. The Chapter 7 Trustee, Gary T. Rafool (TRUSTEE), moved for turnover of the trust income, alleging it to be property of the estate. Both the DEBTOR and Herget Bank objected to the motion on the basis that the trust is a spendthrift trust by application of 735 ILCS § 5/2-1403 and that the DEBTOR'S interest is not property of the estate pursuant to 11 U.S.C. § 541(c)(2). Briefs were filed and the Court took the matter under advisement.

This case was filed and initially processed as a no asset case with creditors directed not to file claims.  In March, 2006, the TRUSTEE received $21,250.00 representing the DEBTOR'S share of proceeds from settlement of a probate claim.  The TRUSTEE filed a request that a claim date be set and an Order was entered on April 4, 2006, giving notice of the administration of assets, of the need for creditors to file a proof of claim in order to share in the assets, and setting July 5, 2006, as the last date to file a claim, applicable both to governmental and non-governmental creditors.  A copy of the Order, along with a Proof of Claim form and Instructions was mailed to all scheduled creditors on April 6, 2006.

In his schedules, the DEBTOR listed no secured or priority creditors.  On Schedule F, he listed ten general unsecured debts totaling $28,559.11.  Prior to the claim bar date of July 5, 2006, only two claims were filed, both by "Citibank/CHOICE" as general unsecured claims totaling $7,112.33.  No late claims have been filed.

Given that the TRUSTEE has assets to administer of $21,250.00, $14,137.67 more than the total of filed claims, it is readily apparent that this case is now a surplus case.  Filed claims will be paid in full, the TRUSTEE will receive the maximum allowable statutory compensation, and the excess estate assets will be returned to the DEBTOR.  Under these circumstances, granting or denying the TRUSTEE'S Motion for Turnover of the trust income will have no effect on his administration of the estate.

The doctrine of mootness precludes federal court decision of "questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 431 (1971).  To qualify for adjudication in federal court, "an actual controversy must be extant at all stages of review, not merely at the time the

2

complaint is filed." *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67, 117 S.Ct. 1055, 1068-69, 137 L.Ed.2d 170 (1997).  Whenever an action loses its "character as a present live controversy" during the course of litigation, federal courts are required to dismiss the action as moot. *In re Di Giorgio,* 134 F.3d 971, 974 (9th Cir. 1998).  An issue becomes moot when events subsequent to joinder of the issue deprive the parties of a "legally cognizable interest in the outcome."  *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969).

Here, the filing by creditors of claims totaling far less than the assets on hand, along with expiration of the claim bar date, means that the TRUSTEE now has sufficient funds in his possession to pay all claims and administrative costs in full.  He has no further need or standing to pursue turnover of other assets.  Accordingly, the TRUSTEE'S Motion for Turnover is moot and should be dismissed.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  A separate Order will be entered.

###